

THE ATTORNEY GENERAL
OF TEXAS

Gerald C. Mann                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Clint A. Barham          Opinion No. 0-2587
County Attorney               Re: The Commissioners' Court cannot
Erath County                  delegate to the trustees of the school
Stephenville, Texas           districts the power and the authority
                              to spend the money in question, and a
Dear Sir:                     related matter.

  Your recent request for an opinion of this Department on the questions as are herein stated has been received.

  We quote from your letter as follows:

  "An order by the Commissioners' Court has been past here in this county appropriating the balance of funds of six hundred and seven dollars and fifty-eight cents ($607.58) as a result of the sale of Road District No. 3 bonds to the Alexander and Clairette school districts. The order specifies that the trustees of the respective school districts are to be the custodians of these funds and that they are to be divided by the trustees between the two school districts in proportion to the taxable value of property in each school district in this Road Bond District No. 3. The order also permits the school trustees in each district to determine when, where, and how the money is to be spent on the lateral roads in their respective districts. I am informed that the State has assumed the bonded indebtedness of this Road Bond District one hundred per cent.

  "Two questions have arisen in connection with the action of the court in regard to this matter. First, can the Commissioners' Court delegate to the trustees of these school districts the power and authority over the spending of this money? Second, can the school trustees lawfully divide this money this way and can they lawfully be the custodian of these funds?"

  Article 2351, Vernon's Annotated Civil Statutes, among other things, imposes upon the various commissioners' courts the

duties to "lay out and establish, change and discontinue public roads and highways. Build bridges and keep them in repair. Appoint Road overseers and apportion hands. Exercise general control over all roads, highways, ferries, and bridges in their counties."

It is stated in Volume 11 of Texas Jurisprudence, page 564, that "commissioners' courts are courts of limited jurisdiction, and that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State."

A school board is a creature of the law and has only such jurisdiction as expressly given by the statute or necessarily implied therein. Mesquite Independent School District v. Cross, 67 S.W. (2d) 242; Tex.Jur. Vol. 37, page 938.

It is a well known principle of law that funds or moneys obtained by the sale of bonds must be used and expended only for the purpose for which the bonds were voted and issued, and a diversion of the use of such funds or moneys for a different purpose would be unauthorized.

After a careful search, we are unable to find any authority that would authorize the commissioners' court to allow or permit the trustees of the school districts above named to receive and expend the above mentioned funds. Neither do we find any authority authorizing the school trustees to receive, divide, and expend the money or funds in question. Therefore, both of your questions are respectfully answered in the negative.

Trusting that the foregoing fully answers your inquire, we are

Yours very truly

APPROVED AUG 14, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED: OPINION COMMITTEE
BY:       REK, CHAIRMAN

AW:BBB:wb